JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KRISTINA TURINA, INDIVIDUALLY AND ON BEHALF OF A CLASS OF OTHERS SIMILARLY SITUATED

### DEFENDANTS

SPRINT CORPORATION, A KANSAS CORPORATION & SPRINT/ UNITED MANAGEMENT COMPANY, A KANSAS CORPORATION

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)

Brief description of cause:
Unpaid wages under K.S.A. § 44-313, et seq., and Breach of Contract to pay wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1-8-2020

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

KRISTINA TURINA, individually and           CASE NO.:
on behalf of a class of others similarly
situated,

      Plaintiff,

vs.

SPRINT CORPORATION, a Kansas
Corporation & SPRINT/UNITED
MANAGEMENT COMPANY, a
Kansas Corporation,

      Defendants.
_____ /

## CLASS ACTION COMPLAINT

Plaintiff, KRISTINA TURINA, individually and on behalf of a class of others similarly situated (collective "the Putative Class"), by and through her undersigned counsel, brings this Class Action Complaint against Defendants, SPRINT CORPORATION and SPRINT/UNITED MANAGEMENT COMPANY (collectively referred to as "Defendants"), and alleges as follows:

1.    Plaintiff and the Putative Class are employees of Defendants and work in Defendants' "Business Inside Sales Organization" Department (also referred to as the "BISO").

2.    Plaintiff brings this action against Defendants on behalf of herself and the Putative Class for unpaid wages and related penalties based on contracts for commissions they had with Defendants. Specifically at issue is Defendants' policy and

1

practice of making illegal deductions from Plaintiff and the Putative Class'
commissions/wages in violation of Sprint's 2019 Sales Incentive Compensation Plan,
attached hereto as **Exhibit "A"** (hereinafter the "Compensation Plan") and the Kansas
Wage Payment Act, K.S.A. § 44-313, *et seq.* related to commissions earned based on
sales of Defendants' "Sprint Mobile AI" product.

3.      Defendants knew or should have known that their illegal deductions
from Plaintiff and the Putative Class' commissions/wages were in violation of the law.

4.      As a result, Plaintiff brings this nationwide class action on her own
behalf and on behalf of those similarly situated, including all Account Managers
working in Defendants' "Business Inside Sales Organization" who have had illegal
deductions made from their pay in connection with the sale of Defendant's "Sprint
Mobile AI" product.

5.      The contract under which Defendant promised to pay these commissions
contains a forum selection clause and choice of law provision designating this Court as
the proper venue and Kansas law as the applicable law governing the contract. *See*
Ex. A at p. 27.

## GENERAL ALLEGATIONS

6.      Defendant SPRINT CORPORATION is a Kansas corporation with its
principal place of business in Overland Park, Kansas. Defendant employs
commissioned sales employees at locations throughout the Country including
Overland Park, Kansas, Louisville, Kentucky, Norcross, Georgia, and Maitland,
Florida. The employees who work in these offices are employed in Defendant's

"Business Inside Sales Organization."

7.      Defendant SPRINT/UNITED MANAGEMENT COMPANY is a Kansas corporation with its principal place of business in Overland Park, Kansas. Defendant employs commissioned sales employees at locations throughout the Country including Overland Park, Kansas, Louisville, Kentucky, Norcross, Georgia, and Maitland, Florida. The employees who work in these offices are employed in Defendant's "Business Inside Sales Organization."

8.      Based on information and belief, there are approximately four hundred or more commissioned sales employees at any given time in Defendants' Overland Park, Louisville, Norcross, and Maitland offices combined.

9.      Plaintiff TURINA resides in Orlando, Florida. Plaintiff TURINA has worked for Defendants since around August 2004.  She has worked as an Account Manager at their BISO office located at 2301 Lucien Way, Maitland, FL 32751 since January 2015.

10.      This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which (1) there are 100 or more members in the Named Plaintiffs' proposed class, (2) at least some members of the proposed class have a different citizenship from Defendants, and (3) the claims of the Named Plaintiffs and the proposed class members exceed $5,000,000.00 in the aggregate.

11.      Venue in this district is proper pursuant to 28 U.S.C. § 1391, because Defendants are Kansas corporations, and because the contract for commissions

between Defendants, the Named Plaintiffs, and the proposed class members provide this district as the agreed upon venue.

## FACTUAL BACKGROUND

12.     As an Account Manager in the BISO, Plaintiff is paid an hourly wage plus commissions.

13.     Based on information and belief, all other Account Managers employed with Defendants in the BISO similarly are paid an hourly rate plus commissions.

14.     Account Managers earn commission in the manner and form outlined in Defendants' Compensation Plan. *See* Ex. A.

15.     On or about April 2019 Defendants rolled out a new product referred to as "Sprint Mobile AI."

16.     Defendants encouraged its Account Managers to sell the Sprint Mobile AI product to their customers.

17.     Plaintiff as well as similarly situated Account Managers sold the Sprint Mobile AI product to their customers and earned commissions on the sales pursuant to the Compensation Plan.

18.     On or about November 2019, Defendants made a decision to begin widespread cancellations of certain Sprint Mobile AI products that were sold.

19.     Specifically, Defendants began reaching out to customers who had purchased the Sprint Mobile AI product and encouraged or asked the customer to cancel the service.

20.     In some instances, where Defendants could not reach the customer,

Defendants unilaterally cancelled the customer's Sprint Mobile AI service without the permission or consent of the customer.

21.    In both instances, the customer was not the individual who requested to cancel the service – it was Defendants who made the decision.

22.    On or about November 4, 2019, Defendants sent an email to its Account Managers and Sales Managers who had customers affected by the cancellations. Defendants informed these employees that pursuant to the Compensation Plan they would be subject to a "liability" (meaning Sprint can deduct pay from the commissioned employees' commission checks) for each "deactivation."

23.    The Compensation Plan defines "Deactivation" as follows:

> A "Deactivation" occurs when a wireless product and/or service for a customer is activated and **that customer** returns or cancels the product and/or service within 180 service days following the transaction date of the Activation, Activation Revenue, Add-On Feature Revenue, and/or Attachable Service Revenue."

> *See* Ex. A at p. 30 (emphasis added).

24.    In the instant case, some or all of the liabilities assessed to Sprint's commissioned employees do not stem from an event that could be classified as a "deactivation" because **the customer** did not return or request to cancel the product. Rather, Sprint cancelled the product on the customer's behalf.

25.    Additionally, the Compensation Plan states that "[i]n the case of Deactivations, the current payment rate will be applied." *See* Ex. A at p. 37. For example, if the current payment rate on a product or service is $4.00 at the time of the Deactivation, the Account Manager will be assessed a liability of $4.00 regardless of

the amount of commission they were paid at the time they sold the product.

26.     In the instant case, Defendants did not assess liabilities to Plaintiff the Putative Class members at the current payment rate. For example, many of the sales of Sprint Mobile AI were made from April 1, 2019 to June 30, 2019 while the product was at an activations earning rate of $16.95. In November 2019, when Sprint began widespread cancellations the activation earnings rate on Sprint Mobile AI was only $4.00.

27.     Pursuant to the Compensation Plan, even if Defendants were entitled to assess liabilities to its commissioned employees for the deactivations (which Plaintiff disagrees with), the commissioned employees should have only been assessed a liability at the current payment rate (or in the example included above, at $4.00 for each deactivation).

28.     Due to these improper liabilities, Plaintiff and the Putative Class members have had thousands of dollars withheld from their pay in order to "pay back" their liabilities.

29.     Additionally, because these liabilities are being assessed against Plaintiff and the Putative Class members' commissions, many are unable to reach the threshold for the "High Performer Bonus" of $1,000.00 which they would have otherwise been entitled to had they not been improperly assessed liabilities.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. This action

involves:

> All persons nationwide who worked for Defendants in their Business Inside Sales Organization as Account Managers and who were paid commissions on the Sprint Mobile AI product and were later assessed a liability due to a deactivation.

31. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least four hundred (400) individuals who satisfy the definition of the Class.

32. There are questions of law and fact common to this Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether Defendants breached the Sprint Business 2019 Sales Incentive Compensation Plan;

b. Whether Defendants unlawfully failed to pay wages in violation of and within the meaning of the Kansas Wage Payment Act § 44-313 *et seq.*;

c. The proper measure of damages sustained by Plaintiff and the Class;

d. Whether Defendants' actions were willful; and

e. Whether Defendants should be enjoined from such violations in the future.

33. Plaintiff's claims are typical of those of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' practice of failing to pay proper commissions in violation of the Compensation Plan and Kansas law.

34. Plaintiff will fairly and adequately protect the interests of the Class, and

has retained counsel experienced in complex wage and hour class action litigation.

35.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

36.    Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Class would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

37.    Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory and injunctive relief. The Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

38.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Class the commissions to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual

prosecution of this litigation.

39.    Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23.

## COUNT I – BREACH OF CONTRACT

40.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-nine (39) above.

41.    Defendants entered into a contract with Plaintiff and the Putative Class under which these individuals would earn and be paid by Defendants commissions for work performed for Defendants.

42.    Defendants breached this contract as described above.

43.    Defendants breach was willful and not the result of mistake or inadvertence.

44.    As a direct result of Defendant's unlawful conduct, Plaintiff and the Putative Class have suffered a loss of these commissions/wages.

45.    Plaintiff, on behalf of herself and the Class, seek the amount of their commissions/wages withheld and such other legal and equitable relief this Court deems just and proper based on Defendant's unlawful and willful conduct.

## COUNT II – QUANTUM MERUIT

46.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-nine (39) above.

47.    Plaintiff and the Putative Class conferred a benefit upon Defendants by working on Defendants' behalf without the commissions/wages they were

promised and due.

48.     Defendants had an appreciation or knowledge of the benefit conferred by these individuals.

49.     Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

50.     Plaintiff, on behalf of herself and the Putative Class, seeks the amount of their commissions/wages withheld and such other legal and equitable relief this Court deems just and proper based on Defendant's unlawful and willful conduct.

## COUNT III – PROMISSORY ESTOPPEL

51.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-nine (39) above.

52.     Defendants reasonably expected to induce Plaintiff and the Putative Class, and did induce these individuals to rely on Defendants' promises relating to the payment of commissions.

53.     Plaintiff and the Putative Class reasonably relied on Defendants' promises.

54.     Plaintiff and the Putative Class reasonably relied on Defendants' promises.

55.     Defendants refused to honor their promises made to Plaintiff and the Putative Class.

56.     Defendants' refusal was willful and not the result of mistake or

inadvertence.

57.     As a direct result of Defendants' unlawful conduct, Plaintiff and the Putative Class suffered a loss of commissions/wages.

58.     Plaintiff, on behalf of herself and the Putative Class, seeks the amount of their commissions/wages withheld and such other legal and equitable relief this Court deems just and proper based on Defendant's unlawful and willful conduct.

## COUNT IV – UNJUST ENRICHMENT

59.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-nine (39) above.

60.     By failing to provide Plaintiff and the Putative Class with the commissions/wages they were due, Defendants obtained substantial benefits and have been unjustly enriched.

61.     Defendants' conduct was willful and not the result of mistake or inadvertence.

62.     It would be inequitable for Defendants to retain the benefits received.

63.     As a direct result of Defendants' unlawful conduct, Plaintiff and the Putative Class have suffered a loss of commissions/wages.

64.     Plaintiff, on behalf of herself and the Putative Class, seeks the amount of their commissions/wages withheld and such other legal and equitable relief this Court deems just and proper based on Defendant's unlawful and willful conduct.

## COUNT V – VIOLATION OF THE KANSAS WAGE PAYMENT ACT

65.     Plaintiff reincorporates and readopts all allegations contained within

Paragraphs one (1) through thirty-nine (39) above.

66.    At all times relevant to this action, Plaintiff and the Putative Class were employed by Defendants within the meaning of the Kansas Wage Payment Act, K.S.A. § 44- 313, *et seq.*

67.    Defendants' conduct described above violated the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.*, in relevant part, by failing to pay all commissions/wages due to Plaintiff and the Putative Class.

68.    The Kansas Wage Payment Act, K.S.A. §§ 44-314, 44-315, and 44-316 requires employers such as Defendants to pay all wages due to their employees.

69.    The term "wages" is defined by the Kansas Wage Payment Act to include "commissions." K.S.A. § 44-313(c).

70.    Defendants maintain a policy and practice of failing and refusing to pay all commissions/wages due to Plaintiff and the Putative Class.

71.    As a result of Defendants' failure to pay the proper commissions/wages, and their decision to withhold these commissions/wages to Plaintiff and the Putative Class for "liabilities" allegedly owed, Defendants have violated and continue to violate Kansas law.

72.    Defendants' failure to pay Plaintiff and the Putative Class all their commissions due is willful and in violation of the Kansas Wage Payment Act, K.S.A. §§ 44-314 and 44-315 (a) and (b).

73.    Plaintiff, on behalf of herself and the Putative Class, seeks the amount of their commissions/wages withheld and such other legal and equitable relief this

Court deems just and proper based on Defendant's unlawful and willful conduct, including all penalties provided in K.S.A. § 44-315(b) and interest provided in K.S.A. §§ 16-201 and 44-323.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

A.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiff and her Counsel to represent the Class;

B.    Judgment against Defendants for an amount equal to the Class Representatives' and the Class's unpaid commissions/wages;

C.    Penalties under the Kansas Wage Payment Act, K.S.A. § 44-315(b);

D.    Declaratory judgment that Defendants' practices violate the law;

E.    Declaratory judgment that Defendants' practices violate the law;

F.    An award of prejudgment interest;

G.    Such further relief as the Court deems just and equitable.


Respectfully submitted this ___ day of January, 2020.


SMITH MOHLMAN INJURY LAW, LLC

/s/ Ruben J. Krisztal
Ruben J. Krisztal, Esq.
Kansas Bar No 09628
Smith Mohlman Injury Law, LLC
701 E. 63rd Street, 3rd Floor
Kansas City, MO 64110
Telephone: (816) 866-7711

Facsimile: (816) 866-7715
Email; rkrisztal@accidentlawkc.com

**MORGAN & MORGAN, P.A.**

**/s/ Jolie N. Pavlos**
Jolie N. Pavlos, Esq. *(Pro Hac Vice Anticipated)*
Florida Bar. No 0125571
**/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq. *(Pro Hac Vice Anticipated)*
Florida Bar. No 15527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: JPavlos@forthepeople.com
RMorgan@forthepeople.com

***Attorneys for Plaintiff and the Class***